# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 11-2123

———————

United States of America,  *
                           *
        Appellee,          *
                           *     Appeal from the United States
    v.                     *     District Court for the
                           *     Northern District of Iowa.
Cecilio Felipe-Ramirez, also known  *
as Mariel Perez-Valentin,  *          [UNPUBLISHED]
                           *
        Appellant.         *

———————

Submitted: September 16, 2011
    Filed:  September 21, 2011

———————

Before MELLOY, BOWMAN, and SHEPHERD, Circuit Judges.

———————

PER CURIAM.

Cecilio Felipe-Ramirez appeals from the sentence imposed by the District Court[1] after he pleaded guilty to four offenses related to the use and sale of false identification documents. He entered his guilty plea under a written plea agreement that contained an appeal waiver. His counsel has moved to withdraw and has filed a brief under Anders v. California, 386 U.S. 738 (1967), acknowledging the appeal waiver but nevertheless challenging the reasonableness of Felipe-Ramirez's sentence.

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

We conclude that this appeal is barred by the appeal waiver. The appeal falls within the scope of the waiver, the record establishes that Felipe-Ramirez entered into the plea agreement and agreed to the appeal waiver knowingly and voluntarily, and enforcement of the waiver would not result in a miscarriage of justice. See United States v. Andis, 333 F.3d 886, 889–92 (8th Cir.) (en banc) (describing the circumstances under which the appellate court should enforce an appeal waiver and dismiss the appeal), cert. denied, 540 U.S. 997 (2003). Although the plea agreement set forth limited exceptions to the appeal waiver, we conclude that none of those exceptions apply here. Finally, we have reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), and we have found no non-frivolous issues beyond the scope of the appeal waiver. We grant counsel's motion to withdraw, and we dismiss the appeal.

_____